```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

EVANSTON INSURANCE COMPANY                CIVIL ACTION

VERSUS                                    NO: 05-5497

EUGENE SPENCER, NATASHA                   SECTION: "R"(3)
HENDERSON, INDIVIDUALLY AND
AS TUTOR OF TAGENA SPENCER,
FRANCIS O. BOURG, III, DEBRA
CHAUVIN, AND MARIE BRAUD
BOURG, INDIVIDUALLY AND AS
REPRESENTATIVES OF THE ESTATE
OF FRANCIS O. BOURG, JR.

## ORDER AND REASONS

Before the Court are plaintiff Evanston Insurance Company's motion for summary judgment and defendants Francis O. Bourg, III, Debra B. Chauvin and Marie Braud Bourg's motion to dismiss. For the following reasons, the Bourg's motion to dismiss is GRANTED, and this case is dismissed for lack of subject matter jurisdiction.

**I.   BACKGROUND**

On June 27, 2005 Eugene Spencer and Natasha Henderson on behalf of their minor child Tagena Spencer, sued Francis O. Bourg, III, Debra B. Chauvin and Marie Braud Bourg, individually, and as representatives of the estate of Francis O. Bourg, Jr. in state court in Terrebone Parish, Louisiana.  The petition also named "ABC Insurance Company" as a defendant, but did not name Evanston.  The Spencers alleges that the Bourgs caused or allowed Tagena Spencer to become exposed to lead poisoning on the property, allegedly owned or operated by them, located at 7393 Park Avenue in Houma, LA. (*See* R. Doc. 15-4).  Neither the Spencers nor the Bourgs have made any demand on Evanston. *Id.*

On November 7, 2005, Evanston filed a declaratory judgment action in this Court seeking declaration that Evanston has no duty to defend or indemnify any party to the state action for damages related to exposure to lead or other contamination related loss. (*See* R. Doc. 1).  Evanston alleges subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.  *Id.*  Evanston further alleges that while it issued policies of commercial liability insurance to the Bourgs, the policies in question all contain exclusions for damages related to exposure to lead or other contamination-related loss.

Evanston now moves for summary judgment under Fed. R. Civ. P. 56, seeking a dismissal of "all claims with prejudice and at defendants' cost." (*See* R. Doc. 11-1). Evanston alleges that undisputed material facts indicate that the relevant policies of insurance do not apply to the claims asserted by the Spencers. *Id.* In response to the motion for summary judgment, the Bourgs argue that the case should be dismissed because the claims do not meet the $75,000 amount in controversy requirement for diversity jurisdiction (*See* R. Doc. 13-1). The Bourgs argue that without discovery and medical records, Evanston had no basis for alleging that the amount in controversy exceeded the requisite amount. On June 16, 2006, the Bourgs filed a Motion to Dismiss and/or Motion for Summary Judgment that more clearly states their basis for an amount in controversy objection.

**II.   AMOUNT IN CONTROVERSY**

Evanston alleges that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1). To properly invoke the Court's diversity jurisdiction, the parties must be diverse and the amount in controversy must exceed $75,000. *Id.* The defendants have challenged Evanston's assertion that the amount in controversy is greater than $75,000.

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a district court's subject matter jurisdiction. The Court must grant a motion to dismiss for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *See Home Builders Ass'n of Miss., Inc., v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). The party who invokes federal court jurisdiction bears the burden of showing that jurisdiction is proper. *Dow Agrosciences, LLC v. Bates*, 332 F.3d 323, 326 (5th Cir. 2003). Typically, the plaintiff's allegation that the amount in controversy satisfies the jurisdictional minimum is sufficient to invoke diversity jurisdiction. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). In a suit for declaratory relief, however, a court should inquire whether the "party invoking federal jurisdiction [has proved] by a preponderance of th evidence that the amount in controversy exceeds the jurisdictional amount." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1252-53 (5th Cir. 1998). A court should first determine whether it is "facially apparent" that the jurisdictional requirement is met. *Id.* If the amount in controversy is not facially apparent, a court may rely on "summary judgment-type" evidence in determining the amount in

controversy. *Id.* The inquiry must be made as of the time that the plaintiff filed the complaint. *Id.*

In a declaratory judgment suit, "[t]he amount in controversy . . . is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance*, 134 F.3d at 1252-53 (citation omitted). In this case, the amount in controversy is the value of the underlying state litigation. From the face of Evanston's complaint, however, little can be determined except that the Spencers have made a lead-poisoning claim against the Bourgs and "ABC Insurance Company." The complaint is silent as to the size of the underlying state claims. Evanston makes only the conclusory assertion that there is "an amount in controversy exceeding $75,000.00." (R. Doc. 1, ¶ 1). Accordingly, the Court has determined that it is not facially apparent that the claims exceed the jurisdictional minimum.

In response to the jurisdictional challenge, Evanston merely re-alleges that "there is complete diversity and an amount in controversy exceeding $75,000.00." (R. Doc. 19). Further, Evanston has brought no summary judgment-type evidence showing that the amount in controversy is met. Evanston did attach the state petition to its motion for summary judgment, but the petition does not include specific amounts and is so non-specific

that it cannot form the basis for a finding by a preponderance of the evidence that the amount in controversy is likely to exceed $75,000. Nothing is known about the extent of any injuries or the amount of damages claimed therefor. Without a more substantial showing that the jurisdictional minimum amount is met, the Court cannot exercise subject matter jurisdiction. Accordingly, the case must be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, the motion to dismiss for lack of subject matter jurisdiction is GRANTED and the case is DISMISSED.

New Orleans, Louisiana, this __30th__ day of October, 2006.

_Sarah Vance_

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE